# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LORINZO SAMPSON, | ) | CASE NO. 21-3539 |
| | ) | |
| Plaintiff/ Appellant | ) | |
| | ) | **RENEWED** |
| vs. | ) | **MOTION OF DEFENDANT/** |
| | ) | **APPELLEE CITY OF** |
| CITY OF CLEVELAND, et al., | ) | **CLEVELAND TO DISMISS** |
| | ) | **APPEAL FOR WANT OF** |
| Defendants/ Appellees | ) | **PROSECUTION** |

Defendant/ Appellee City of Cleveland ("City") respectfully renews its motion filed on August 17, 2021, (Docket #: 25), pursuant to 6 Cir. R. 26(b), to dismiss the appeal of Plaintiff/ Appellant Lorinzo Sampson ("Sampson") for want of prosecution.

Sampson filed his brief late, for the second time; again filed a brief that does not conform to required rules and standards; and unfairly took advantage of the opportunity afforded to him to make limited corrections to his initial filing, by revising the substance of his brief and adding arguments on the merits, including arguments not addressed in the trial court.

In the alternative, the City respectfully asks for an extension of time to file its brief until October 25, 2021, which would be 60 days from the date of service and filing of Sampson's brief. This extension would afford sufficient time for

briefing on the City's motions to dismiss; and, it also would allow the City additional time to grapple with Sampson's factual averments made without citations to the record and with his expanded legal arguments.

The City understands that the other appellees agree with this motion and would ask for the same relief and alternative relief sought herein.

The grounds for this motion are the following:

1. Sampson's brief was due on August 16, 2021, after one extension of time had been granted. (Docket #: 22.)

2. Sampson's brief was filed on August 17, 2021. (Docket #: 23.) The brief did not include citations to the record or a designation of relevant documents.

3. On August 17, 2021, Sampson was informed by the case manager that he could file a corrected brief by August 24, 2021 (Docket #: 24), although the City filed its motion to dismiss for want of prosecution (Docket #: 25).

4. Despite the City objecting to Sampson's filing, including on the basis that it was filed late, Sampson <u>again</u> filed his brief late, on August 25, 2021. (Docket #: 26.) Assuming that his first extension of time until August 16, 2021, was justified by circumstances related to the pandemic, Sampson cannot argue that the pandemic explains his failure to timely file his brief twice in one week since then.

5. Sampson's certificates of service in both of his untimely-filed briefs are inaccurate; no service was provided prior to filing. Nor did Sampson ever contact the undersigned counsel to seek consent to additional time.[1]

6. 6 Cir. R. 26(b) provides that, "[i]f the appellant does not timely process the appeal – *including not timely filing a brief* or required appendix or not meeting other deadlines – the court may dismiss the appeal for want of prosecution, impose sanctions, or both" (*italics* added).

7. Sampson's untimely-filed brief does not include complete citations to the record, contrary to 6 Cir. R. 28(a). It does not fairly inform the City of the grounds for the appeal. It addresses claims brought against a defendant whom Sampson successfully moved to dismiss in the underlying case, Donald Horvat (one of the arresting City police officers), who is not an appellee of record in this case. It revises and adds arguments not contained in his first brief, including arguments not addressed below.

8. Allowing Sampson's untimely filing to stand unfairly prejudices the City. The City would have to comb through the record to try and find possible bases for Sampson's Statement of the Case and legal arguments. Further, the City

---

[1] The undersigned counsel for the City certifies under penalty of perjury that the foregoing paragraph is true and correct, which certification is executed by the signing of this renewed motion on August 26, 2021. 28 U.S.C. 1746.

would be compelled to make arguments in defense of Officer Horvat despite the voluntary dismissal of him by Sampson.

9. Accordingly, this case should be dismissed. Plaintiff has failed to prosecute his case and failed to adhere to the basic requirements of the Federal Rules of Appellate Procedure and this Court as expected of all parties, especially those represented by counsel. *Sagan v. Sumner County Board of Education*, 6th Cir. Nos. Nos. 11–5168, 11–5328, 11–5170, 11–5330, 11–5172, 11–5332, 11–5523, 11–5524, 11–5570, 11–5571, 11–5666, 11–5667, 11–5668, 11–5669, 11–5671, 501 Fed.Appx. 537 (Table), 2012 WL 4773565, *3 (Oct. 5, 2012) ("The failure to abide by the court's briefing schedule alone may result in the dismissal of an appeal for want of prosecution. 6th Cir. R. 26(b)"); *Wilson v. T-Mobile USA, Inc.*, 6th Cir. No. 17-3969, 2018 WL 4489306, *2 (June 19, 2018) ("T-Mobile is correct" to point out that a supposedly "corrected" brief improperly was not merely a correction but included substantive modifications, in addition to new facts and arguments not raised below).

For the foregoing reasons, Defendant/ Appellee City of Cleveland respectfully renews its motion pursuant to 6 Cir. R. 26(b) to dismiss the appeal of Plaintiff/ Appellant Lorinzo Sampson for want of prosecution.

In the alternative, the City asks that it be permitted an extension of time, until October 24, 2021, to file its brief.

If the Court does not grant this motion, the City respectfully requests that Sampson <u>not</u> be provided an additional opportunity to "correct" and revise his brief. Despite failing to fairly inform the City of the grounds for appeal to comply with applicable rules, Sampson's newly filed "corrected" brief purports to do more than correct technical errors. Sampson adds 1,730 words of additional, purportedly substantive, argument, and otherwise revises his brief as initially filed. (Compare Certificates of Compliance, Doc. #: 23 at p. 33 to Doc. #: 26 at p. 40.) The Court should not reward Sampson's non-compliance with further opportunity to revise and attempt to improve his argument.

Respectfully submitted,

BARBARA A. LANGHENRY (0038838)
Director of Law

By: *s/ Timothy J. Puin*
William M. Menzalora (0061136)
Chief Assistant Director of Law
Timothy J. Puin (0065120)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue E., Room 106
Cleveland, Ohio  44114
Tel:   (216) 664-2800
Email:wmenzalora@city.cleveland.oh.us
Email:tpuin@city.cleveland.oh.us
Attorneys for Defendant/ Appellee
City of Cleveland

## CERTIFICATE OF COMPLIANCE

The foregoing complies with the requirements of FRAP 27, Motions, including as to length and typeface/ type style, and with 6 Cir. R. 27

*s/ Timothy J. Puin*

_____
TIMOTHY J. PUIN (0065120)

## CERTIFICATE OF SERVICE

The foregoing was filed electronically and may be accessed through the Court's ECF system by all parties of record.

*s/ Timothy J. Puin*

_____
TIMOTHY J. PUIN (0065120)
73494v1